UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON DISHMAN, )<br>)<br>  Plaintiff, )<br>v. )<br>)<br>OFFICER KING, *et al.*, )<br>)<br>  Defendants. ) | No.: 19-cv-2138-MMM |

## MERIT REVIEW ORDER

Plaintiff, a pretrial detainee, proceeding *pro se*, filed an action under 42 U.S.C. § 1983 against Urbana City Police Officer King, Champaign County State's Attorney Julia Rietz and Assistant State's Attorney Lindsey Clark. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on March 19, 2019, but he was on a Champaign/Urbana city bus with LaTisha Parks, the mother of his child. Plaintiff apparently engaged in some verbal abuse of Ms. Parks as he admitted "cussing" at her. A woman who was riding the bus and whom Plaintiff describes as intoxicated, tried to intervene. Plaintiff advised the woman to mind her

1

own business and she subsequently called the police. Plaintiff exited the bus and noted that the bus was stopped by the Urbana City Police at the next corner.

Defendant Officer King subsequently located and contacted Plaintiff, telling him that he would be locked up. On an unidentified date, Plaintiff turned himself at the police station where he was arrested on unspecified charges. Plaintiff asserts that at the time of the filing of the complaint, he had been wrongfully held 74 days in the Urbana City Jail. Plaintiff claims, without preamble, that Ms. Parks denied that he had choked her. As a result, he believes that Defendant King wrongfully arrested him and that Champaign County State's Attorney Reitz and Assistant State's Attorney Clark wrongfully charged him.

While Plaintiff asserts an unspecified Eighth Amendment claim, it appears that he is actually alleging that he was arrested and held without probable cause, a claim which arises under the Fourth Amendment. Probable cause exists when "the facts and circumstances within [the officer's] knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense…The probable cause standard requires that the officer's belief be reasonable, not that it be correct." *Huff v. Reichert*, 744 F.3d 99, 1007 (7th Cir. 2014)(internal citations omitted).

"[A]llegations by eyewitnesses supply probable cause when the statements, if true, show that a crime has occurred. It does not matter…whether the accused person denies the allegations. Police need not conduct an investigation but may arrest and let prosecutors and courts determine who is telling the truth." *Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006) citing *Gramenos v. Jewel Companies, Inc.,* 797 F.2d 432 (7th Cir.1986). This is so, unless the police have reason to know that the witness may harbor a grudge against the accused. *Askew*, 440 F.3d at 895.

Here, Plaintiff alleges that a third-party eyewitness tried to intervene while he cussed at Ms. Parks on a public bus and, when this proved ineffective, called the police. Plaintiff does not claim that the witness knew him or held a grudge against him so as to have been motivated to falsely accuse him. While Ms. Parks allegedly denied that Plaintiff had choked her, Plaintiff admittedly engaged in verbal harassment, an illegal activity.

It has been recognized that "police often encounter competing and inconsistent stories… police on the scene must act yet lack the tools to determine immediately where the truth lies. The Constitution permits them to initiate the criminal process and leave the sifting of competing claims and inferences to detectives, prosecutors, judges, and juries in the criminal prosecution." *Id*. at 896. The facts as pled, fail to support that Plaintiff was wrongfully arrested without probable cause.

As to Defendants Reitz and Clark, they are both prosecutors who have absolute immunity from suit for actions taken in their prosecutorial capacities. *See Van de Kamp v. Goldstein,* 555 U.S. 335 (2009). "Prosecutors are absolutely immune from liability in § 1983 suits brought against prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process…" *See also, Villars v.Kubiatowski,* No. 12-4586, 2014 WL 1795631 *22 (N.D. Ill. May 5, 2014). "Prosecutorial immunity extends to… 'acts taken in preparing for the initiation of judicial proceedings or for trial'"; *Ramsey v. Christ,* No. 14-00351 *4 (S.D. Ill. April 15, 2014)(dismissing § 1983 case at merit review where Plaintiff alleged action against prosecutor who enjoyed absolute immunity from suit).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile

3

because Plaintiff cannot plead a constitutional claim under this set of facts, and as two of the defendants enjoy absolute immunity from suit. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. All pending Motions are rendered MOOT. All internal deadlines are VACATED.

    2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

    3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

    4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

10/7/2019  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE